UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES M. TURNBO | CIVIL ACTION NO. 05-0251-A |
| VS. | SECTION P |
| STATE OF LOUISIANA, ET AL. | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is the civil rights complaint of James M. Turnbo filed *pro se* and *in forma pauperis* on February 9, 2005. Plaintiff complains that agents of the Grant Parish, Louisiana Sheriff's Department conducted an illegal search of his residence and other property located in or near Pollock, Louisiana on or about February 3, 2005. He seeks compensatory damages[1] and names the "State of Louisiana through the Grant Parish Sheriff's Department" and Judge Allan Krake of the Thirty-fifth Judicial District Court as his defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

On the morning of February 3, 2005, Grant Parish Sheriff's Deputies arrived at plaintiff's residence located at 261 Hwy. 524, Pollock, Louisiana. They advised plaintiff that they were looking for Carlton Hall, plaintiff's tenant. Plaintiff advised the officers that Hall was his tenant and that he leased an automotive body and paint shop and a motor home located at 268 Hwy.

---

[1] In an amended complaint filed on May 9, 2005, plaintiff also asked that "[a]ll charges be fully and completely expunged from claimant's record..." and that various items of personal property be returned. [Doc. 10]

524, Pollock, Louisiana.

The Deputies advised plaintiff that they were told that Hall was in plaintiff's residence and they requested permission to search. Plaintiff consented to their search.

At some point during the search, one of the Deputies seized two pills; plaintiff's wife advised the officer that the pills were Percocet and that they had been prescribed by her physician.

Plaintiff asked the deputies to leave the premises since it was obvious that Carlton Hall was not there. The deputies continued to interrogate plaintiff and "...became more aggressive and agitated, and accused the Plaintiff of being uncooperative."

Deputies ultimately advised plaintiff that they had discovered articles used to manufacture methamphetamine in the body shop leased to Hall and that they were going to obtain a search warrant. The Deputies left the premises.

At 1 p.m. they returned with a Search Warrant signed by Judge Allan Krake of the Thirty-fifth Judicial District Court. Plaintiff contends that several of the objects used by the deputies to establish probable cause had been discovered by the deputies during their previous warrantless search of the premises. The search warrant authorized the search of 261 Hwy. 524, plaintiff's residence.

In the course of the search, the deputies seized various items of personal property from plaintiff's home and various items from the property occupied by his tenant, Mr. Hall.

During the course of the search, plaintiff's daughter returned from school. Deputies advised her that her father was a drug dealer.

On February 5, 2005, deputies returned to plaintiff's residence with another search

warrant authorizing the deputies to search for evidence of stolen automobiles or parts. However, no such evidence was located in the search.

Plaintiff contends that his right to be secure against unreasonable searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution was violated.

Plaintiff was arrested and charged with manufacturing methamphetamine, operating a clandestine lab, reckless handling of hazardous materials, and illegal carrying of a weapon. He was required to post bond in the amount of $120,000 to secure his release from custody. Plaintiff claims that in addition to the wrongful search and seizure, he was falsely accused and wrongly arrested by the defendants.

On May 6, 2005, the undersigned completed an initial review of plaintiff's complaint as mandated by the screening provisions of 28 U.S.C. § 1915. Having discovered various deficiencies in the complaint, the court directed plaintiff to amend his complaint to cure the deficiencies. [See Doc. 8]

On May 9, 2005, plaintiff submitted a pleading entitled "Amended Complaint." The pleading itemized the various damages and requested additional relief from the court. [See Footnote 1, *supra.*] However, the amended complaint did not address any of the deficiencies noted by the undersigned in his Memorandum Order of May 6, 2005. [See Docs. 8 and 10]

## LAW AND ANALYSIS

1. Screening

Plaintiff has been permitted to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915. This complaint is therefore subject to the screening provisions of 28 U.S.C. § 1915(e)(2)(B), which imposes a screening responsibility on the district court when the plaintiff

has been granted IFP status. The statute provides in relevant parts a follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Section 1915(e)(2)(B) applies equally to prisoner as well as nonprisoner *in forma pauperis* cases. See *Newsome v. Equal Employment Opportunity Commission*, 301 F.3d 227, 231-33 (5th Cir.2002) (affirming dismissal of nonprisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)); *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205-206 (2nd Cir.2002) (affirming dismissal of in forma pauperis non-prisoner case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)); see also *Benson v. O'Brian*, 179 F.3d 1014, (6th Cir.1999) (complaints in actions not pursued in forma pauperis are not subject to "screening" under § 1915(e)(2)); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir.1998) (same).

Plaintiff was directed to amend his complaint to cure various deficiencies. He amended his complaint but, the Amended Complaint did not address any of the deficiencies previously noted. Therefore, for the following reasons, it is recommended that plaintiff's complaint be dismissed with prejudice as frivolous, for failing to state a claim for which relief may be granted, and, for having sought monetary relief from parties immune from suit.

2. Parties Named

a. The State of Louisiana

Plaintiff has sued the "State of Louisiana through the Grant Parish Sheriffs Department." As to plaintiff's claims against the State of Louisiana, the Eleventh Amendment bars a federal court from "entertain[ing] a suit brought by a citizen against his own State." *Pennhurst State*

*School & Hospital v. Halderman*, 465 U.S. 89, 98, 104 S.Ct. 900, 906, 79 L.Ed.2d 67 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir.1986). Although a state may waive its Eleventh Amendment sovereign immunity, the State of Louisiana has not done so. See *Edelman v. Jordan*, 415 U.S. 651, 673, 94 S.Ct. 1347, 1360-61, 39 L.Ed.2d 662 (1974) (holding that a state's consent to suit against it in federal court must be expressed "unequivocally"). Thus, plaintiff's claims against the state must be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii).

### b. Grant Parish Sheriff's Department

To the extent that plaintiff names the Grant Parish Sheriff's Department as a defendant, his complaint fares no better. "It is well settled ... that a Sheriff's Department is not a legal entity capable of being sued." *Valentine v. Bonneville Ins. Co.*, 691 So.2d 665, 668 (La.1997) (citations omitted). Indeed, "the law of Louisiana affords no legal status to the 'Parish Sheriff's Department' so that the department can sue or be sued, such status being reserved for the Sheriff." *Id.* See also *George v. Wilson*, 2000 WL 521450 (E.D.La.4/28/00); *Manieri v. Layirrison*, 2001 WL 25657 (E.D.La.1/9/01); *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dept.*, 350 So.2d 236 (La.App. 3 Cir.1977). Thus, plaintiff's claim against the Grant Parish Sheriff's Office must also be dismissed as that entity is not a proper party defendant to this action.

### c. Judge Krake

To the extent that plaintiff's claims against Judge Krake arise out of the performance of his judicial duties, the Judge is entitled to absolute judicial immunity. Judges have such immunity for acts done within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349,

356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). The Fifth Circuit has delineated three elements to identify acts as being judicial in nature, and thus not in the clear absence of all jurisdiction: "(1) normal judicial functions that (2) occurred in the judge's court or chambers and were (3) centered around a case pending before the judge." *Eitel v. Holland*, 787 F.2d 995, 998 (5th Cir.1986).

These factors are construed liberally in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir.1985). According to the plaintiff, Judge Krake signed a search warrant authorizing the search of his residence. Thus, according to *Eitel*, Judge Krake's actions were within his jurisdiction and he thus enjoys absolute immunity from plaintiff's claims. Consequently, even liberally construing plaintiff's claims against the Judge, they are without an arguable basis in law and are subject to being dismissed with prejudice as frivolous. See *Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir.1995) (affirming dismissal of action that had found judge immune and the action thus frivolous).

3. Plaintiff's Cause of Action and *Heck v. Humphrey*

In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court determined that, "[I]n order to recover damages for allegedly unconstitutional ... imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*, 28 U.S.C. § 2254." A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372. The Supreme Court imposed this requirement on § 1983

plaintiffs in order to avoid collateral attacks by plaintiffs on convictions against them that are "still outstanding." *Id.* at 486, 114 S.Ct. at 2371 ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, ...")

The principles enunciated in *Heck* apply in the context of unlawful arrest and search and seizure claims brought under § 1983. [See *Ennis v. Edwards*, 2003 WL 1560113, at *6, fn. 20 (E.D.La., Mar 25, 2003), "If, however, plaintiff relies on the Fourth Amendment to the United States Constitution, which prohibits 'unreasonable searches and seizures' in connection with criminal investigations, the *Heck* rule would apply and plaintiff's § 1983 claims attacking the validity of the search and seizure would not accrue until the criminal charges pending against the plaintiff have been dismissed or his conviction has been overturned. *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir.1995); *Harvey v. Waldron*, 210 F.3d 1008, 1015 (9th Cir.2000); *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 399 (6th Cir.1999); *Woods v. Candela*, 47 F.3d 545, 546 (2d Cir.1995)."]

Plaintiff claims that he was arrested and charged with manufacturing methamphetamine and other related charges and that he was required to post bond to secure his release from custody. The information presently before the court suggests that these charges are still pending against the defendant. If that is the case, and, if a judgment in plaintiff's favor with respect to this complaint would undermine the validity of those charges, then this court should abstain from granting plaintiff the relief he seeks. See *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995); see also *Heck*, 512 U.S. at 487, n. 8, 114 S.Ct. at 2373, n. 8 ("[I]f a state criminal defendant

brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state *habeas* action, abstention may be an appropriate response to the parallel state-court proceedings.")

Further, plaintiff has not alleged whether he has called into question the legality of the search in the on-going state proceedings by filing a Motion to Suppress as is permitted under Louisiana law. (See La. C.Cr.P. art. 703) If plaintiff has already asserted and lost his Fourth Amendment claim in the on-going state criminal proceeding, that issue cannot be re-litigated in this or any other civil proceeding. *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

As shown above, plaintiff was given the opportunity to remedy the deficiencies of his complaint. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). His amended complaint ignored the deficiencies previously noted by the court.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint under 42 U.S.C. §1983 be **DISMISSED WITH PREJUDICE** as frivolous and as failing to state a claim upon which relief may be granted and for seeking monetary damages against defendants who are immune, as provided by 28 U.S.C. §1915(e)(2)(B)(i)(ii) and (iii).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 30th day of June, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE